[Crim. No. 25199. Second Dist., Div. Two. Dec. 3, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
CLIFFORD MARTIN HOLBROOK, Defendant and Appellant.

## COUNSEL

Howard E. Beckler for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, James H. Kline and Donald F. Roeschke, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ROTH, P. J.**—Appellant Holbrook appeals from a judgment entered following a jury verdict in which he was found guilty of sodomy. (Pen. Code, § 286.)

The victim Terre ——— (Terre) met appellant in the evening hours of November 3, 1972, at a restaurant in Hollywood where she was to meet a friend of appellant's with whom she had a date. Appellant was invited to the party and since Terre did not know the address in Bel-Air where the party was, Terre drove her car and followed behind appellant and his friend who were in the friend's car. At approximately 1 a.m. Terre decided to leave and appellant asked her if she would drop him off at his car which was parked near the restaurant. Enroute they stopped for breakfast at Dino's. Appellant then told Terre that his car was parked near the restaurant where he had met her. She drove into the parking lot designated by appellant and, seeing that it was deserted, she attempted to reverse the car; appellant leaned over, extracted the keys from the ignition; started unbuttoning her blouse; pulled her skirt up, struck her and placed her legs so that they pointed towards the ceiling of the car, and entered her anally. After entering her three times he quit and stated that he could not climax because of a paratroop accident that had occurred when he was 16. He then drove her car around the block and asked to see her again, and when she did not answer he stated, "If you think you are going to get me for this, you won't. They didn't get me before and they won't now." Appellant then walked away. She immediately drove away from that point and drove to the first well-lit service station where she reported that she had just been raped. The attendant called the police; when they arrived Terre was crying and appeared to have bruises on her jaw.

 The only issue raised on this appeal concerns the admission about a prior *incident* involving appellant in 1965 into evidence. Appellant ad-

mitted being with Terre and having sexual intercourse with her but denied sodomy. He stated that when they had arrived at the parking lot Terre had left the motor running since it was cold and after some kissing back and forth, "the natural course of events took place. . ." He denied hitting her, but stated that after the act of intercourse she became aggravated because he told her he could not see her anymore since he was living with another lady.

On cross-examination the prosecutor asked appellant if in 1963 in an incident involving Sylvia C. he had not used the same words—that he had done it before. When appellant denied this statement the prosecutor asked if he had not claimed in 1963 as he was in the case at bench that the girl had consented. It was then established that appellant had had a preliminary hearing in the case involving Sylvia C.[1] He denied telling Terre that he had done it before and that he would get away with it, and denied telling Sylvia that he had done it before and would get away with it.

On rebuttal a police officer who had investigated the 1963 incident involving Sylvia was called. He testified that in 1963 appellant had made a statement wherein he indicated that one night after work he had taken Sylvia to a party where he "got pretty drunk." On the way home they had stopped on a side street and parked; after a few kisses he "felt her up. She didn't object. In fact she went all out." When he had started to disrobe her, she became hysterical claiming that she had never done anything like this before. She ran out of the car and he chased her and brought her back. After she was in the car once again, she again became hysterical and once again ran away, but this time he did not stop her. He did not recall hitting her, and his only intention was to quiet her down.

When asked if he recalled whether Sylvia had any bruises or injury on her body, the officer replied that he could not remember.

Appellant alleges that it was error to allow impeachment by evidence of the Sylvia incident. Respondent, citing *People* v. *Ricketts* (1970) 7 Cal. App.3d 441 [86 Cal.Rptr. 647], urges that the introduction of the evidence was proper since it tended to show that appellant had a "pat or ready" alibi should he be arrested. In *Ricketts* the defendant had been arrested in a stolen car. He told the police that he had obtained it from a friend in McArthur Park. The district attorney then requested permission to cross-examine the defendant about the fact that he had told a similar story when he had been arrested for stealing a car about six

---

[1] In a hearing out of the presence of the jury, it was established that appellant had been convicted of "simple assault" in the Sylvia incident.

months prior to the arrest for which he was on trial. An extensive hearing outside the presence of the jury was held in which it was established that in the prior incident the defendant had pleaded guilty to a violation of Vehicle Code section 10851. This charge was the identical charge for which he was on trial. He also admitted telling the police that he had borrowed the car the previous time which was the same story that he told when arrested on the case at trial. Finally, the defendant at first denied making the statement, and then he retracted the denial and admitted that he had made the statement and that it was a lie. The court allowed the evidence, and gave careful instructions as to the use of the statement both at the time that it was introduced and in its formal instructions to the jury.

At bench the alleged statement made by appellant was supposed to have occurred more than *nine years prior* to the time of trial, *not six months*. The alleged prior statement was never admitted by appellant, only attributed to him in the form of a question, and when the statement of appellant was admitted into evidence, the content attributed to it—that appellant had stated at that time that he had done it before and would get away with it again—was not found in the statement. In *Ricketts* as has been noted, the court at the time of admission and at the time of instruction carefully limited the effect of the contested evidence to the jury. At bench the court did neither.

■ A defendant is required to defend only against the crime alleged. As a general rule evidence of the commission of other crimes is inadmissible when it is offered to prove criminal disposition or propensity on the part of the accused. (*People* v. *Schader* (1969) 71 Cal.2d 761, 772 [80 Cal.Rptr.1, 457 P.2d 841]; *People* v. *Haston* (1968) 69 Cal.2d 233 [70 Cal.Rptr. 419, 444 P.2d 91].)

■ At bench the questioned evidence was admitted to show that at a prior time appellant had claimed that a girl had consented. However, when cross-examination occurred appellant was instead asked if he had not stated to the victim at bench that nine years prior to the time of his assault on her he had made that statement and would again get away with it. These questions on cross-examination which were argued to the jury emphasized that appellant told Terre of a prior sexual episode and that he had successfully defended a prosecution therefor by pleading consent and that if she complained he would again use the same tactic.[2] The net

---

[2]It was never established that he had in fact made this statement since the prosecutor was unable to produce Sylvia, but it is obvious that the Sylvia incident would never have seen the light of day if the victim's testimony at bench were not truthful.

effect to the jury was to paint a sign on appellant which said "rapist." The objection made was a good one. We are sensitive to the treatment of a similar issue in *People* v. *Gill* (1956) 143 Cal.App.2d 46 [299 P.2d 682]. It was error to allow impeachment in the manner described.

However, unlike the usual charge of coerced intercourse, no issue of identity, alibi or lack of consummation is presented; the latter is in fact conceded, although appellant denied it was anal.

The single and crucial issue presented is appellant's claim of consensual sexual intercourse and respondent's charge of coerced sodomy. The evidence of coercion is clear and substantial in support of respondent's assertion and completely refutes appellant's claim. There was evidence of anal penetration. Terre had a bruise on her face and scratches on her back and lacerations on her private parts; when she arrived at the service station within minutes of the time that appellant had left her she was in a disheveled condition and a state of hysteria; she immediately reported that she had been "raped" and physically violated and the record is clear that appellant was the only one who could have violated her. In our opinion the error discussed was not prejudicial. (*People* v. *Watson* (1956) 46 Cal. 2d 818 [299 P.2d 243].)

The judgment is affirmed.

Fleming, J., and Beach, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 29, 1975.